```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Shawn Gibney,                   :
        Petitioner,             :
                                :
   v.                           :     File No. 2:07-CV-104
                                :
Robert Hofmann,                 :
Commissioner, Vermont           :
Department of Corrections,      :
        Respondent.             :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Petitioner Shawn Gibney, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Gibney, who was convicted of first degree murder in state court, lists seven potential grounds for relief.  Some of his argument, he concedes, have not been presented to the Vermont Supreme Court.  Because the petition includes a mix of exhausted and unexhausted claims, I recommend that this case be STAYED while Gibney exhausts his unexhausted claims in state court.

Factual and Procedural Background

On February 8, 1999, Gibney was convicted by a jury of murdering his former work supervisor, Sam Gendron.  At the time of his murder, Gendron was driving home from his workplace in Richford, Vermont.  In what the Vermont Supreme

Court described as "an assassination," Gendron was shot multiple time by a semi-automatic weapon. Although the murder weapon was never found, an empty box of cartrigdes for that type of weapon was later found in Gibney's house. The State also established that Gibney had owned an assault rifle of the type used in the murder, and numerous observers placed him near the scene of the crime shortly before Gendron's shooting. See State v. Gibney, 175 Vt. 180, 182-83 (2003).

Gibney appealed his conviction, bringing four arguments before the Vermont Supreme Court: (1) that the jury's verdict was not supported by the evidence; (2) that he was improperly barred from offering evidence that others had a motive to kill Gendron; (3) that the trial court erred when it failed to impose a sufficient sanction for the destruction of notes taken by various police officers during their investigation; and (4) that the trial court erred in concluding that his sentence should be aggravated. Id. at 181. On March 28, 2003, the Vermont Supreme Court affirmed Gibney's conviction but reversed his sentence and remanded for further proceedings. Id. at 196. The date of his re-sentencing is not in the Court record.

Represented by counsel, Gibney subsequently filed a petition for post-conviction relief ("PCR") in state court. The petition raised four arguments: (1) ineffective assistance of trial and appellate counsel; (2) prosecutorial misconduct; (3) abuse of discretion by the trial court; and (4) that the Vermont Supreme Court failed to address all issues presented on direct appeal. On May 19, 2006, the state court dismissed the petition without prejudice "for further investigation." (Paper 3 at 2-3).

On October 18, 2006, Gibney moved *pro se* to reinstate his PCR petition. Although the respondent contends that the petition has been reinstated and is currently pending, Gibney complains that the state court clerk failed to timely file his notice of *pro se* appearance. He is now concerned that his notice of appearance was filed more than one year after § 2254's one-year statute of limitations had expired.

Gibney's § 2254 petition brings seven claims, three of which were presented to the Vermont Supreme Court and four of which are part of his PCR proceeding. He concedes that the PCR claims are not yet exhausted. Nonetheless, he asks the Court to "[r]ule on the potential controversy of exhaustion as a preliminary matter," and requests that any

3

dismissal not act as a bar to claims presented in successive petitions.  (Paper 6 at 8).

## Discussion

When a Court is presented with a "mixed petition" consisting of exhausted and unexhausted claims, it may dismiss the entire petition without prejudice.  See Rose v. Lundy, 455 U.S. 509 (1982).  Because of the statutory time limits imposed since the Rose decision, see 28 U.S.C. § 2244(d)(1), the Supreme Court has allowed lower courts another option: dismiss only the unexhausted claims and issue a stay on the remainder, effectively holding the petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 275 (2005).  Once the petitioner exhausts his remaining claims in state court, the district court enters an order lifting the stay and allows the petition to proceed in federal court.  Id.  Time limits should be placed on the petitioner's trip to state court and back so as not to undermine the goals sought to be achieved by § 2244's limitations period.  Id. at 277-78.

When determining which cases to stay, the Rhines decision determined that it "likely would be an abuse of

discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277. However, even if a petitioner has good cause for the failure to exhaust, it would be an abuse of discretion to grant a stay when the unexhausted claims are "plainly meritless." Id. (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

    Here, the Court should find that Gibney has not "engaged in intentionally dilatory tactics." Id. at 278. Indeed, he appears to have filed his petition in haste out of concern that state court delays were jeopardizing his ability to file a federal petition. Furthermore, if his failure to exhaust is due to inappropriate delays and denials by clerks in the state court system, and not through any fault of his own, this would constitute "good cause" for failure to exhaust. Finally, given the lack of briefing on

the merits of Gibney's claims, the Court should not conclude that those claims are so "plainly meritless" as to bar the imposition of a stay.

Accordingly, I recommend that the Court exercise its discretion to stay proceedings with respect to the petitioner's exhausted claims, and dismiss without prejudice his unexhausted claims. If the petitioner exhausts his unexhausted claims and returns to this Court within the time limits set forth below, he should be permitted to amend his petition to reinstate those claims.

## Conclusion

For the reasons set forth above, I recommend that this action be STAYED and that the petitioner's unexhausted claims ("Grounds" IV, V, VI and VII) be DISMISSED without prejudice. The stay should be conditioned on petitioner's initiation of efforts to exhaust his unexhausted claims within 30 days, if those efforts have not already been initiated. In addition, the petitioner must return to this Court and file an amended petition within 30 days of the completion of his effort to exhaust. If either condition of the stay is not met, the stay may be vacated *nunc pro tunc* as of the date it was entered, and the Court should proceed

to consider only the exhausted claims in the petition.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).